[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-Appellant, Kelly Wayne Eytcheson, appeals from a judgment of the trial court ordering him to pay Plaintiff-Appellee, Echo Marie Eytcheson, Two Thousand Six Hundred Eighty-three dollars ($2,683.00), being the amount of an assessment against her for federal income taxes due for 1991, during which the parties were married, for attorney's fees in the amount of Three Hundred Fifty dollars ($350.00), for court costs the amount of Seventy dollars ($70.00), and for her expenses, including attorney's fees, expended in connection with the tax assessment. Mr. Eytcheson contends that the trial court lacked jurisdiction to enter the order, that the order conflicts with the final judgment and decree of divorce entered between the parties in 1994, that the award is contrary to the amount prayed for, in violation of Civ.R. 54(C), that the trial court erred by presuming certain unspecified facts, and that the trial court erred by not allowing Mr. Eytcheson to cross-examine Ms. Eytcheson during the hearing.
We conclude that the trial court had jurisdiction to provide for a joint marital obligation that had not been provided for in the original decree, that the award is not contrary to the original decree of divorce, that Civ.R. 54(C) has no application in this case, because this is not a judgment by default, that the record fails to portray any error with regard to the presumption of certain unspecified facts, and that the record fails to portray that the trial court refused Mr. Eytcheson permission to cross-examine Ms. Eytcheson. According, the judgment of the trial court is Affirmed.
 I
The parties were divorced in 1994. The judgment and decree of divorce including the following provisions:
 (1) Both parties waive any claim for spousal support and spousal support shall not be subject to further jurisdiction of this Court.
* * *
 (4) The parties acknowledge that they have incurred no debts or obligations whatsoever against the credit of the other party since the date of their separation. The parties further acknowledge that at the date of their separation there were no joint marital obligations. It is agreed by the parties that any debt incurred since the date of the parties' separation by either one of them shall be discharged by the incurring party by which party shall hold the other party absolutely harmless and blameless from payment of same.
* * *
 (10) Each party hereto represents that they have made a full disclosure to the other of all of their assets and liabilities.
At some later time, the Internal Revenue Service decided to disallow certain claimed business expenses of Mr. Eytcheson as deductions from the Eytchesons' 1991 joint federal income tax return. As a result, the IRS determined that the Eycthesons owed in excess of $7,000 as a deficiency in the payment of their federal income tax for 1991.
In the eyes of the IRS, Mr. Eytcheson was impecunious. The IRS settled with Ms. Eytcheson for $2,683, as and for her share of the joint liability. Ms. Eytcheson then filed a motion to recover from Mr. Eytcheson the $2,683 she had paid to the IRS, $350 in attorney's fees, $70 in court costs, and her expenses incurred, including attorney's fees, litigating the tax liability with the IRS. This motion was heard in March, 1997, in the trial court, with Ms. Eytcheson being represented by counsel and Mr. Eytcheson appearing in propria persona. Following the hearing, the trial court entered an order requiring Mr. Eytcheson to reimburse Ms. Eytcheson for the additional payment of federal income tax she had made for 1991, for her attorney's fees in the prosecution of the motion, in the amount of $350, for court costs, in the amount of $70, and for her attorney's fees and costs incurred in litigation with the Internal Revenue Service. Although the trial court denominated this order as an "Agreed Order," it appears that it was not a result of an agreement, but, instead, was the judgment of the trial court following the hearing on Ms. Eytcheson's motion.
From this order, Mr. Eytcheson appeals.
 II
Mr. Eytcheson's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN PROCEEDING WITHOUT SUBJECT MATTER JURISDICTION IN THE HEARING OF MARCH 12, 1997.
Mr. Eytcheson contends that the trial court was without jurisdiction to entertain the motion, in view of the fact that the rights and obligations of the parties had previously been adjudicated in the final judgment and decree of divorce entered February 3, 1994. In this regard, we note that the judgment and decree of divorce merely relinquished jurisdiction with respect to the awarding of spousal support, which is expressly contemplated by R.C. 3105.18(E).
We are aware of no jurisdictional infirmity in the trial court's consideration of the adjustment of a marital obligation, and Mr. Eytcheson has not pointed us to any authority for this proposition.
Mr. Eytcheson's First Assignment of Error is Overruled.
 III
Mr. Eytcheson's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN ITS JUDGMENT BY VIOLATING IN THE FINAL DECREE OF DIVORCE OF FEBRUARY 3, 1994 IN REQUIRING DEFENDANT-APPELLANT TO PAY AN ALLEGED DEBT INCURRED BY THE PLAINTIFF-APPELLEE SUBSEQUENT TO THE FINAL DECREE OF DIVORCE.
Essentially, Mr. Eytcheson contends that the relief sought by Ms. Eytcheson is barred by the doctrine of res judicata, in view of the disposition of the marital obligations provided for in the final judgment and decree of divorce entered in 1994.
It is clear that the additional federal income tax assessment for 1991 was a joint obligation of the Eytchesons, having arisen, as it did, with respect to a year in which they were married and filed a joint tax return. It is also clear that the existence of this joint obligation was not contemplated in the final judgment and decree of divorce entered in 1994. That decree made no disposition of any additional federal income tax obligation that might thereafter be assessed against the parties. Consequently, the final judgment and decree of divorce having been silent on that subject, the disposition of this joint obligation was a subject upon which the trial court had the duty, as well as the power, to adjudicate. Its adjudication of this matter is in no way inconsistent with the final judgment and decree of divorce entered in 1994.
Mr. Eytcheson's Second Assignment of Error is Overruled.
 IV
Mr. Eytcheson's Third Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN ITS JUDGMENT BY AWARDING AN AMOUNT DIFFERENT IN KIND AND EXCEEDING AMOUNT PRAYED FOR AND PLAINTIFF'S DEMAND FOR JUDGMENT FOR CIV.R. 54(C).
Civ.R. 54(C) deals with default judgments, providing that the amount of a judgment awarded by default may not exceed the amount prayed for. The judgment from which this appeal has been taken is not a default judgment. Mr. Eytcheson appeared at a hearing, and was allowed to make his case for the proposition that he should not be required to reimburse Ms. Eytcheson for the additional federal income tax assessment levied against her.
Furthermore, we have reviewed the transcript of that hearing, and we find no unfair surprise. Mr. Eytcheson was aware of the relief sought by Ms. Eytcheson.
Mr. Eytcheson's Third Assignment of Error is Overruled.
 V
Mr. Eytcheson's Fourth Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN ITS JUDGMENT BY PRESUMING FACTS NOT PLACED IN EVIDENCE IN VIOLATION OF WELL-ESTABLISHED LAW.
We have reviewed the transcript of the hearing and we are satisfied that the testimony of Ms. Eytcheson, at the hearing, supports the judgment of the trial court. She testified that she was subject to an additional federal income tax liability as the result of Mr. Eytcheson's failure to document certain business expenses of his that had been claimed as deductions in their 1991 joint federal income tax return.
Mr. Eytcheson's Fourth Assignment of Error is Overruled.
 VI
Mr. Eytcheson's Fifth Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN ITS JUDGMENT BY NOT ALLOWING A WITNESS FOR THE PLAINTIFF-APPELLEE TO BE EXAMINED BY THE DEFENDANT-APPELLANT CLEARLY PREJUDICE IN THE CASE AGAINST THE DEFENDANT-APPELLANT.
At the hearing on Ms. Eytcheson's motion, she was called as the sole witness on her behalf. Following her testimony, she rested, and the trial court inquired of Mr. Eytcheson, who was appearing in propria persona, if he had anything he wished to add, whereupon Mr. Eytcheson made a statement that ran for about four pages in the transcript.
There is nothing in the record to suggest that the trial court either advised Mr. Eytcheson of his right to cross-examine Ms. Eytcheson, or that the trial court prevented Mr. Eytcheson from doing so. Had Mr. Eytcheson been represented by competent counsel, his counsel would, of course, have known that he had the right to cross-examine Ms. Eytcheson, both following her direct testimony, and as part of Mr. Eytcheson's case. Regrettably, Mr. Eytcheson eschewed the services of an attorney, choosing to represent himself. He may not have been aware that he had the right and opportunity to cross-examine Ms. Eytcheson. That is unfortunate, but we are aware of no authority that a trial judge is required to offer legal advice to a litigant who chooses to appear at a hearing without counsel. There is nothing in this record from which we can divine that the trial court would have prevented Mr. Eytcheson from cross-examining Ms. Eytcheson, had he attempted to do so.
Mr. Eytcheson's Fifth Assignment of Error is Overruled.
 VII
All of Mr. Eytcheson's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN, and WOLFF, JJ., concur.
Copies mailed to:
H. Charles Wagner
Kelly Wayne Eytcheson
Hon. Judson L. Shattuck, Jr.